**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN JACKSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** _____ |
| | ) | |
| **CITY OF EVERGREEN, ALABAMA;** | ) | |
| **MAYOR STANLEY STALLWORTH,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Christian Jackson, by and through his attorney of record, and for his complaint against Defendants, City of Evergreen, Alabama and Mayor Stanley Stallworth, in his individual and official capacity, hereby states as follows:

### NATURE OF THE CASE

1. Jackson brings this action for injunctive relief and damages, and reasonable attorney's fees against Defendants for violations of his rights under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 2000e, et seq. (Title VII), 42 U.S.C. § 1981, 42 U.S.C. § 1983, as he was discriminated against based upon race and retaliation.

2. Jackson also seeks to recover damages for overtime compensation he was denied denied and unauthorized payroll deductions in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.

### JURISDICTION AND VENUE

3. This action arises under the Title VII of the Civil Rights Act of 1964, as amended,

the Civil Rights Act of 1991, 42 U.S.C. §§ 2000(e), et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the FLSA, 29 U.S.C. §§ 201 et seq.

4.    Jurisdiction over this action is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000(e), et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 29 U.S.C. §§ 201 et seq.

5.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act, Charge No. 425-2025-00755. (Exhibit A).

6.    Plaintiff timely filed a second charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act, Charge No. 425-2026-01030 (Exhibit B).

7.    The plaintiff further sued within ninety (90) days after receipt of each the right-to-sue letters issued by the EEOC (Exhibit C).

8.    The events forming the basis of this complaint occurred during Jackson's employment with Defendant City of Evergreen, which is situated in Conecuh County, Alabama, located within the Southern District of Alabama and Defendant Stanley Stallworth was the Mayor of the City of Evergreen at all times during Jackson's employment with the City of Evergreen; thus, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9.    Plaintiff, Christian Jackson (hereinafter "Plaintiff" or "Jackson"), is an individual over the age of 19 and a resident citizen of Autauga County, Alabama.

10.    Defendant, City of Evergreen, Alabama ("the City"), is a municipal corporation organized and existing under the laws of the State of Alabama.

11. Defendant, Mayor Stanley Stallworth ("the Mayor" or "Mayor Stallworth") is over the age of 19 and a resident citizen of Conecuh County, Alabama.

12. Defendant City of Evergreen employed at least fifteen (15) people during the current or preceding calendar year.

## STATEMENT OF FACTS

13. Christian Jackson, who is Black/African American, was employed by the City of Evergreen ("the City") as Executive Assistant to Mayor Stanley Stallworth beginning April 26, 2021.

14. In his role as Executive Assistant, Jackson performed various duties consistent with and beyond his official job description, including handling all things related to council members, such as preparing Council packets, setting up meetings, recording meetings, and communicating with council members.

15. Jackson also managed accounts payable and billing, the city budget, and maintained administrative access to city email systems and vendor accounts.

16. The City of Evergreen hired a City Clerk, Grealy Marshall, in July 2021.

17. Grealy Marshall resigned in September 2023, creating an opening for the city clerk position.

18. In January 2024, the city council discussed and approved an advertisement for the position of city clerk.

19. The deadline to apply for the city clerk position was February 23, 2024.

20. Jackson applied for the city clerk position by the February 23, 2024 deadline.

21. Brandy Pendleton ("Pendleton"), who is White/Caucasian, was an employee of the City of Evergreen who also applied for the city clerk position.

22.    Brandy Pendleton was named the Acting City Clerk as early as January 2024.

23.    The City of Evergreen is governed by a mayor, elected at large, and a five member city council.

24.    In a city council meeting on March 19, 2024, the Mayor announced that there were four applications submitted for the city clerk position, but only two qualified candidates. The two qualified candidates were Brandy Pendleton and Plaintiff Christian Jackson.

25.    During the March 19, 2024 meeting, a city council member nominated Pendleton for the city clerk position. Two council members and Mayor Stallworth voted for Pendleton.

26.    During the March 19, 2024 meeting, a city council member nominated Jackson for the city clerk position. Three council members voted for Jackson.

27.    Since no candidate for the city clerk position received a majority of votes, no action was taken.

28.    In a city council meeting on October 10, 2024, members of the city council again voted on nominees for the city clerk position.

29.    During the October 10, 2024 meeting, a city council member nominated Pendleton for the city clerk position. Two council members and Mayor Stallworth voted for Pendleton and three council members voted against Pendleton.

30.    During the October 10, 2024 meeting, a city council member nominated Jackson for the city clerk position. Three council members voted for Jackson, and two council members and Mayor Stallworth voted against Jackson.

31.    Although no candidate for the city clerk position received a majority of votes, Mayor Stallworth unilaterally appointed Pendleton as the city clerk and advised the council to take whatever action they wished to take.

32.    Sometime in 2023, and prior to Grealy Marshall's resignation, Mayor Stallworth told Jackson he wanted a White person to be the face of the City.  Mayor Stallworth stated that he worked in the corporate world and knows how it works.

33.    On or about March 25, 2025, Jackson testified in a deposition in an employment discrimination matter filed by Ivan Keith Gray, an individual who was not selected to the position of chief of police for the City of Evergreen.

34.    Ivan Keith Gray was represented in his case against the City of Evergreen by Attorney Amardo Wesley Pitters.

35.    During the March 25, 2025 deposition, Jackson testified that about a month after he started his position with the City of Evergreen, Mayor Stallworth told him, "as long as they kept the white people happy, then they would be fine."

36.    On or about June 7, 2025, Attorney Pitters, on behalf of Ivan Keith Gray, filed a response in opposition to the City of Evergreen's Motion for Summary Judgment in which he cited statements made by Jackson during his deposition given on or about March 27, 2025.

37.    On or about June 12, 2025, Mayor Stallworth entered Jackson's office and confronted him by highlighting statements Jackson made during his deposition testimony given on or about March 27, 2025. The Mayor told Jackson, "[t]hought you might like to read thru the poorly done response by Pitters which references you several times."

38.    On or about February 27, 2025, Jackson filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging he was discriminated against based on his race when he was not selected for the city clerk position on or about October 10, 2024.

39.    On or about March 27, 2025, the City of Evergreen submitted a letter in response to

Jackson's EEOC complaint, alleging that it had not "passed over" Jackson for the position and that the vacancy had not been filled.

40.     The bottom of the letter submitted to the EEOC by the City of Evergreen on or about March 27, 2025 contained the following notation: "cc Mayor Stanley Stallworth."

41.     On or about July 29, 2025, Jackson filed a reply to the City of Evergreen's response to his EEOC complaint.

42.     On or about July 28, 2025, the City of Evergreen failed to compensate Jackson for overtime hours worked. When Jackson asked the Mayor why he was not paid for overtime hours worked, the Mayor indicated that Jackson was not authorized to work overtime hours.

43.     During the same pay period, the Mayor permitted other employees to work overtime hours and the City of Evergreen compensated them for overtime hours worked.

44.     On or about September 22, 2025, the City of Evergreen, at the direction of Mayor Stallworth, deducted approximately $350 from Jackson's paycheck to pay past due utility bills owed to the City.

45.     On or about September 29, 2025, the City of Evergreen, at the direction of Mayor Stallworth, deducted approximately $250 from Jackson's paycheck to pay past due utility bills owed to the City.

46.     On or about October 6, 2025, the City of Evergreen, at the direction of Mayor Stallworth, deducted approximately $250 from Jackson's paycheck to pay past due utility bills owed to the City.

47.     The City of Evergreen deducted funds from Jackson's paycheck on September 22, 2025, September 29, 2025, and October 6, 2025 without obtaining an order of garnishment from any court of competent jurisdiction.

48. On or about October 21, 2025, Mayor Stallworth requested that the city council approve a new position, Municipal Director of Program Management, which would combine Jackson's position, Executive Assistant to the Mayor, with the head of Public Relations, Chamber Events, and Economic Development.

49. On or about October 21, 2025, the city council voted to create the position of Municipal Director of Program Management.

50. On or about November 5, 2025, Jackson applied for the Municipal Director of Program Management position.

51. On or about November 25, 2025, Jackson interviewed with Mayor Stallworth for the Municipal Director of Program Management position. Jackson was not selected for the position.

52. On or about December 14, 2025, Mayor Stallworth terminated Jackson's employment by letter sent via email, effective immediately.

53. After Jackson filed an EEOC complaint on February 27, 2025 and testified in a deposition on March 25, 2025, Mayor Stallworth engaged in several acts of retaliatory conduct. In addition to the incidents cited in Paragraphs 33-52, the Mayor stripped Jackson of key job responsibilities including: removing him as handler of the AT&T, Verizon Wireless, and Enterprise accounts; revoking his Webmaster access over the City's email system; removing his access to payroll, accounts payable, billing, and budgeting functions; instructing community leaders and department heads not to contact him for any city-related matters, effectively removing key functions of his role; and assigning him to demeaning tasks including cleaning and stocking the kitchen.

54. On one occasion, the Mayor entered Jackson's office shouting in the presence of others, declaring, "I am the mayor, and nobody can do anything to me."

55. On another occasion, Jackson reached for the phone during one of the Mayor's outbursts, and Mayor Stallworth stated, "Who are you calling, the Police Chief? I'm his boss too."

## COUNT I

### Violation of Title VII, 42 U.S.C. §§ 2000(e) et seq., for Race Discrimination

### Against Defendant City of Evergreen

56. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-32 above as if asserted herein.

57. Jackson is Black/African American.

58. Jackson applied for the city clerk position by the February 23, 2024 deadline.

59. Jackson was qualified for the city clerk position.

60. The City of Evergreen did not select Jackson to the position of city clerk on or about October 10, 2024.

61. The City of Evergreen selected Brandy Pendleton, who is White/Caucasian, for the city clerk position.

62. Plaintiff Jackson's race was a motivating factor in the City of Evergreen's decision to not select Jackson for the city clerk position on or about October 10, 2024.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

## COUNT II

### Violation of 42 U.S.C. § 1981, for Race Discrimination

### Against Defendant Mayor Stanley Stallworth

64. Plaintiff re-alleges and incorporates by reference all allegations contained in

Paragraphs 1-32 above as if asserted herein.

65.    Jackson is Black/African American.

66.    Jackson applied for the city clerk position by the February 23, 2024 deadline.

67.    Jackson was qualified for the city clerk position.

68.    During the October 10, 2024 meeting, a city council member nominated Brandy Pendleton for the city clerk position. Two council members and Mayor Stallworth voted for Pendleton, and three council members voted against Pendleton.

69.    During the October 10, 2024 meeting, a city council member nominated Jackson for the city clerk position. Three council members voted for Jackson, and two council members and Mayor Stallworth voted against Jackson.

70.    Although Pendleton did not receive a majority of votes, Mayor Stallworth unilaterally appointed Pendleton as the city clerk over the objection of a council member.

71.    Plaintiff Jackson's race was the but-for cause of Mayor Stallworth's decision to unilaterally appoint Pendleton to the city clerk position on or about October 10, 2024.

72.    As a direct and proximate result of Defendant Mayor Stallworth's unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

## COUNT III

### Violation of 42 U.S.C. § 1983—

### Violation of Plaintiff's 14th Amendment Equal Protection Rights

### Against Defendants Mayor Stanley Stallworth and the City of Evergreen

73.    Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-32 above as if asserted herein.

74.  Jackson is Black/African American.

75.  Jackson applied for the city clerk position by the February 23, 2024 deadline.

76.  Jackson was qualified for the city clerk position.

77.  During the October 10, 2024 meeting, a city council member nominated Brandy Pendleton for the city clerk position. Two council members and Mayor Stallworth voted for Pendleton, and three council members voted against Pendleton.

78.  During the October 10, 2024 meeting, a city council member nominated Jackson for the city clerk position. Three council members voted for Jackson, and two council members and Mayor Stallworth voted against Jackson.

79.  Although Pendleton did not receive a majority of votes, Mayor Stallworth unilaterally appointed Pendleton as the city clerk over the objection of a council member.

80.  The City of Evergreen ratified the actions of Mayor Stallworth when it held Pendleton out to the public as the city clerk.

81.  Plaintiff Jackson's race was a motivating factor in Mayor Stallworth's decision to unilaterally appoint Pendleton to the city clerk position on or about October 10, 2024.

82.  Plaintiff Jackson's race was a motivating factor in the City of Evergreen ratifying the unlawful actions of Mayor Stallworth when it held Pendleton out to the public as the city clerk.

83.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

**COUNT IV**

**Violation of Title VII, 42 U.S.C. §§ 2000(e) et seq., for Retaliation**

**Against Defendant City of Evergreen**

84.    Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-13 and 38-52 above as if asserted herein.

85.    Jackson engaged in protected activity when he filed an EEOC complaint against the City of Evergreen on or about February 27, 2025 and on or about July 29, 2025 when he filed a reply to the City of Evergreen's response to his EEOC complaint.

86.    The City of Evergreen retaliated against Plaintiff by denying him compensation for overtime hours worked, illegally deducting funds from Plaintiff's paychecks for past due utility bills, creating a new position that eliminated Plaintiff's position, not selecting Plaintiff for the new position, and terminating Plaintiff's employment with the City.

87.    The City of Evergreen engaged in the retaliatory acts noted in Paragraph 86 because Jackson filed an EEOC complaint and a reply to the City of Evergreen's response to his EEOC complaint against the City of Evergreen.

88.    As a direct and proximate result of Defendant City of Evergreen's unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

<u>**COUNT V**</u>

**Violation of Title VII, 42 U.S.C. §§ 2000(e) et seq., for Retaliation**

**Against Defendant City of Evergreen**

89.    Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-13, 33-37, and 42-52 above as if asserted herein.

90.    Jackson engaged in protected activity when he testified in the deposition of an applicant for the position of chief of police for the City of Evergreen on or about March 25, 2025.

91.    The City of Evergreen retaliated against Plaintiff by denying him compensation for

overtime hours worked, illegally deducting funds from Plaintiff's paychecks for past due utility bills, creating a new position that eliminated Plaintiff's position, not selecting Plaintiff for the new position, and terminating Plaintiff's employment with the City.

92. The City of Evergreen engaged in the retaliatory acts noted in Paragraph 91 because Jackson testified in a deposition on or about March 25, 2025, in a case involving Ivan Keith Gray who sued the City for race discrimination.

93. As a direct and proximate result of Defendant City of Evergreen's unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

## COUNT VI

**Violation of Title VII, 42 U.S.C. §§ 2000(e) et seq., Retaliatory Hostile Work Environment**

**Against Defendant City of Evergreen**

94. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-13 and 33-55 above as if asserted herein.

95. Jackson engaged in protected activity when he testified in the deposition of an applicant for the position of chief of police for the City of Evergreen on or about March 25, 2025 and when he filed an EEOC complaint against the City of Evergreen on or about February 27, 2025 and on or about July 29, 2025 when he filed a reply to the City of Evergreen's response to his EEOC complaint.

96. The City of Evergreen retaliated against Plaintiff by stripping Jackson of key job responsibilities including: removing him as the AT&T, Verizon Wireless, and Enterprise accounts; revoking his Webmaster access over the City's email system; removing his access to payroll, accounts payable, billing, and budgeting functions; instructing community leaders and department

heads not to contact him for any city-related matters, effectively removing key functions of his role; assigning him to demeaning tasks including cleaning and stocking the kitchen; denying him compensation for overtime hours worked, illegally deducting funds from Plaintiff's paychecks for past due utility bills, creating a new position that eliminated Plaintiff's position, not selecting Plaintiff for the new position, and terminating Plaintiff's employment with the City.

97. The City of Evergreen's retaliatory acts noted in Paragraph 96 created a workplace permeated with discriminatory intimidation, ridicule, and insult such that it was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

98. As a direct and proximate result of Defendant City of Evergreen's unlawful conduct, Plaintiff has suffered loss of pay, loss of benefits, and mental anguish in amounts to be proven at trial.

## COUNT VII

### Violation of the FLSA, 29 U.S.C. §§ 201 et seq.

### Against Defendant Mayor Stanley Stallworth and the City of Evergreen

99. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-13 and 42-47 above as if asserted herein.

100. From July 15, 2025 through July 28, 2025, Jackson was an employee of the City of Evergreen, Alabama, an enterprise engaged in commerce or in the production of goods for commerce.

101. The City of Evergreen, at the direction of Mayor Stallworth, failed to pay Jackson overtime compensation for hours worked over 40 hours at a rate of one and one-half times his regular rate of pay between July 15, 2025 and July 28, 2025 as required by the FLSA.

102.  The City of Evergreen and Mayor Stallworth permitted Jackson to work overtime hours between July 15, 2025 and July 28, 2025.

103.  Jackson was a non-exempt employee under the FLSA.

104.  The City of Evergreen and Mayor Stallworth are aware that they are legally required to comply with the overtime requirements under the FLSA.

105.  Between July 15, 2025 and July 28, 2025, the City of Evergreen and Mayor Stallworth had knowledge of and acted willfully in regard to its conduct described in this count.

106.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, in amounts to be proven at trial.

## COUNT VIII

**Violation of the FLSA, 29 U.S.C. §§ 201 et seq.**

**Against Defendant Mayor Stanley Stallworth and the City of Evergreen**

107.  Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-13 and 42-47 above as if asserted herein.

108.  On or about September 22, 2025, September 29, 2025, and October 6, 2025, Jackson was an employee of the City of Evergreen, Alabama, an enterprise engaged in commerce or in the production of goods for commerce.

109.  The City of Evergreen, at the direction of Mayor Stallworth, made unauthorized deductions from Plaintiff's wages on or about September 22, 2025, September 29, 2025, and October 6, 2025.

110.  The City of Evergreen at the direction of Mayor Stallworth made the unauthorized deductions from Plaintiff's wages to pay past due utility bills owed to the City by Plaintiff.

111.  The City of Evergreen and Mayor Stallworth are aware that they are legally required

to comply with all requirements under the FLSA.

112. On September 22, 2025, September 29, 2025, and October 6, 2025, the City of Evergreen and Mayor Stallworth had knowledge of and acted willfully in regard to its conduct described in this count.

113. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, in amounts to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays the Court award him the following relief:

1. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting with Defendants and at Defendants' request from continuing to violate the terms of Title II of the Civil Rights Act of 1964;

2. Enter an Order requiring Defendants to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

3. Award Plaintiff back pay (with prejudgment interest), employment benefits, front pay, liquidated damages, compensatory damages, special damages, punitive damages, and nominal damages;

4. Attorney's fees and costs;

5. Award Plaintiff equitable relief as provided by law; and

6. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

## THE PLAINTIFF REQUESTS A JURY TRIAL.

/s/ Ashley Smith Nye
ASHLEY SMITH NYE (ASB-7096-A56S)
Attorney for Plaintiff


**OF COUNSEL:**

**ANSMITH LAW, LLC**
135 Catoma Street, Suite 175
Montgomery, Alabama 36101
Telephone No. (334) 557-8205
Facsimile No. (334) 513-8283
Email: ashley@ansmithlaw.com


## PLEASE SERVE DEFENDANTS AS FOLLOWS


**City of Evergreen**
**c/o Brandy Pendleton**
**355 E Front Street**
**Evergreen, AL 36401**


**Mayor Stanley Stallworth**
**355 E Front Street**
**Evergreen, AL 36401**